**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02718-REB-KLM

LELAND R. SHARPES,
JOCELYN B. SHARPES, as Trustees for the Leland R. Sharpes and Jocelyn B. Sharpes Living Trust,

    Plaintiffs,

v.

JPMORGAN CHASE & CO., a Delaware corporation, and
U.S. BANK NATIONAL ASSOCIATION, trustee,
LITTON LOAN SERVICING, LP, a Delaware limited partnership, and
OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are: (1) **The Ocwen Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#13][1] filed November 21, 2014; (2) the **Motion to Dismiss Plaintiffs' Verified Complaint with Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6)** [#14] filed November 21, 2014; and (3) the corresponding **Recommendation of United States Magistrate Judge** [#53] filed August 26, 2015. The plaintiffs filed objections to the recommendation. The objections are docketed under three docket numbers, [#54, 55, & 56]. All three of these documents appear to be essentially identical. I overrule the objections and approve and adopt the

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

On August 18, 2006, the plaintiffs, acting on their own behalf and not as trustees, executed a promissory note and deed of trust reflecting a loan they used to purchase real estate in Larimer County, Colorado. Over the course of time, the promissory note and servicing rights on the loan were transferred or assigned to various entities. Based on alleged conduct by the holders of the note and those entities who serviced the loan, the plaintiffs assert six claims for relief: (1) slander of title, against all defendants; (2) fraud, against all defendants; (3) wrongful foreclosure, against defendants Ocwen and U.S. Bank as Trustee; (4) breach of the covenant of good faith and fair dealing, against all defendants; (5) quiet title, against defendant U.S. Bank as Trustee; and (6) declaratory relief "in the form of a postponement of the mandated Rule 120 hearing until this matter has been adjudicated in federal court," against all defendants.

In the recommendation [#53], the magistrate judge discusses comprehensively the facts alleged by the plaintiffs in support of their claims and the issues raised in the two motions to dismiss. Ultimately, the magistrate judge recommends that both motions to dismiss be granted in their entirety. The objections of the plaintiffs [#54, 55, & 56] do not raise any valid challenge to the reasoning and conclusions of the magistrate judge. Therefore, I overrule the objections, approve and adopt the recommendation [#53], and grant the related motions to dismiss.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#53] filed August 26, 2015, is approved and adopted as an order of this court;

2. That the objections of the plaintiffs [#54, 55, & 56] are overruled;

3. That under Fed. R. Civ. P. 12(b)(6), **The Ocwen Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#13] filed November 21, 2014, is granted;

4. That the claims asserted against defendants, U.S. Bank National Association, Litton Loan Servicing LP, and Ocwen Loan Servicing, LLC, are dismissed as stated below:

- Count I - slander of title - dismissed with prejudice;
- Count II - fraud - dismissed without prejudice;
- Count III - wrongful foreclosure - dismissed with prejudice;
- Count IV - breach of the covenant of good faith and fair dealing - dismissed without prejudice;
- Count V - quiet title - dismissed without prejudice; and
- Count VI - declaratory relief - dismissed without prejudice;

5. That under Fed. R. Civ. P. 12(b)(6), the **Motion to Dismiss Plaintiffs' Verified Complaint with Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6)** [#14] filed November 21, 2014, by defendant, JP Morgan Chase & Co., is granted;

6. That the claims asserted against defendant, JPMorgan Chase & Co., are dismissed as stated below:

- Count I - slander of title - dismissed with prejudice;

- Count II - fraud - dismissed with prejudice;

- Count IV - breach of the covenant of good faith and fair dealing - dismissed with prejudice; and

- Count VI - declaratory relief - dismissed with prejudice;

7.  That judgement shall enter accordingly in favor of the defendants, JPMorgan Chase & Co., U.S. Bank National Association, Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC, against the plaintiffs, Leland R. Sharpes and Jocelyn B. Sharpes, as Trustees for the Leland R. Sharpes and Jocelyn B. Sharpes Living Trust;

8.  That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

9.  That this case is closed..

Dated September 15, 2015, at Denver, Colorado.

                                              **BY THE COURT:**

*Bob Blackburn* (signature)

Robert E. Blackburn
United States District Judge